# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 21-10447

Allen Tyrone Robinson,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1132

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Allen Tyrone Robinson, Texas prisoner # 519307, raised due process, equal protection, and retaliation claims arising out of a prison disciplinary proceeding in a submission styled as a 28 U.S.C. § 2254 application. The district court construed the application as raising only § 2254 claims and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denied it.  Robinson now moves this court for a certificate of appealability (COA) to appeal the district court's ruling.  He also argues that the district court erred by denying his § 2254 application before receiving his reply to the respondent's answer to his application.

To obtain a COA, a § 2254 applicant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court denies relief on the merits, an applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  That standard is satisfied if an applicant shows "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Robinson has failed to make the required showing.

To the extent that Robinson's retaliation and equal protection claims could be cognizable under 42 U.S.C. § 1983, rather than § 2254, Robinson does not raise this issue on appeal, such that he has abandoned any challenge to the district court's denial of relief on this ground.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Robinson's motion for a certificate of appealability is DENIED.  To the extent Robinson asserted distinct § 1983 claims in the district court, the court's dismissal of those claims is AFFIRMED.